**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| VEROOT LLC, *et al.*, | ) |
| | ) CASE NO. 1:26-CV-00013 |
| Plaintiffs, | ) |
| vs. | ) JUDGE J. PHILIP CALABRESE |
| | ) |
| PAGEFOLIO, INC. *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**VEROOT, LLC AND DELIVERED INC.'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO DEFENDANT PAGEFOLIO INC.'S COUNTERCLAIM**

Plaintiffs Veroot, LLC, and Delivered Inc., (together, the "Veroot Parties"), for their Answer and Affirmative Defenses to Defendant Pagefolio, Inc's ("Pagefolio") Counterclaim state as follows:

**GENERAL DENIAL**

The Veroot Parties deny all allegations not specifically admitted herein.

**THE PARTIES[1]**

1.     The Veroot Parties admit the allegations contained in Paragraph 1 of the Counterclaim.

2.     The Veroot Parties admit the allegations contained in Paragraph 2 of the Counterclaim.

3.     The Veroot Parties admit the allegations contained in Paragraph 3 of the Counterclaim.

---

[1] The Veroot Parties include the headings and subheadings from the Counterclaim only for ease and convenience of the Court and the parties.  The Veroot Parties neither admit nor endorse the content of any such heading.

**JURISDICTION AND VENUE**

4.      The Veroot Parties admit the allegations contained in Paragraph 4 of the Counterclaim.

5.      The Veroot Parties admit the allegations contained in Paragraph 5 of the Counterclaim.

6.      The Veroot Parties admit the allegations contained in Paragraph 6 of the Counterclaim.

**FACTUAL BACKGROUND**

***Pagefolio's Relationship with Veroot***

7.      The Veroot Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Counterclaim and therefore deny the same.

8.      The Veroot Parties admit that Veroot was introduced to Richman in 2013. The Veroot Parties deny any remaining allegations contained in Paragraph 8 of the Counterclaim.

9.      The Veroot Parties admit that Veroot requested that Richman perform the development services as an employee of Veroot. The Veroot Parties deny any remaining allegations contained in Paragraph 9 of the Counterclaim.

10.     The Veroot Parties deny the allegations contained in Paragraph 10 of the Counterclaim.

11.     The Veroot Parties deny the allegations contained in Paragraph 11 of the Counterclaim.

12.     The Veroot Parties deny the allegations contained in Paragraph 12 of the Counterclaim.

13. The Veroot Parties deny the allegations contained in Paragraph 13 of the Counterclaim.

14. The Veroot Parties admit that Pagefolio issued regular invoices to Veroot for the work performed. The Veroot Parties deny any remaining allegations contained in Paragraph 14 of the Counterclaim.

15. The Veroot Parties admit the allegations contained in Paragraph 15 of the Counterclaim.

16. The Veroot Parties deny the allegations contained in Paragraph 16 of the Counterclaim.

17. The Veroot Parties deny the allegations contained in Paragraph 17 of the Counterclaim.

18. The Veroot Parties deny the allegations contained in Paragraph 18 of the Counterclaim.

19. The Veroot Parties admit that their relationship with Pagefolio became long term, lasting more than 10 years. The Veroot Parties deny any remaining allegations contained in Paragraph 19 of the Counterclaim.

20. The Veroot Parties deny the allegations contained in Paragraph 20 of the Counterclaim.

21. The Veroot Parties deny the allegations contained in Paragraph 21 of the Counterclaim.

22. The Veroot Parties deny the allegations contained in Paragraph 22 of the Counterclaim.

23. The Veroot Parties deny the allegations contained in Paragraph 23 of the Counterclaim.

24. The Veroot Parties deny the allegations contained in Paragraph 24 of the Counterclaim.

25. The Veroot Parties deny the allegations contained in Paragraph 25 of the Counterclaim.

26. The Veroot Parties deny the allegations contained in Paragraph 26 of the Counterclaim.

27. The Veroot Parties admit that Veroot currently serves 900 Indirect Carriers, over 4700 Agents, and over 100 Broker/Importers. The Veroot Parties deny any remaining allegations contained in Paragraph 27 of the Counterclaim.

**Pagefolio's Relationship with Delivered**

28. The Veroot Parties admit the allegations contained in Paragraph 28 of the Counterclaim.

29. The Veroot Parties deny the allegations contained in Paragraph 29 of the Counterclaim.

30. The Veroot Parties deny the allegations contained in Paragraph 30 of the Counterclaim.

31. The Veroot Parties deny the allegations contained in Paragraph 31 of the Counterclaim.

32. The Veroot Parties deny the allegations contained in Paragraph 32 of the Counterclaim.

33. The Veroot Parties deny the allegations contained in Paragraph 33 of the Counterclaim.

34. The Veroot Parties deny the allegations contained in Paragraph 34 of the Counterclaim.

35. The Veroot Parties deny the allegations contained in Paragraph 35 of the Counterclaim.

36. The Veroot Parties deny the allegations contained in Paragraph 36 of the Counterclaim.

37. The Veroot Parties deny the allegations contained in Paragraph 37 of the Counterclaim.

38. The Veroot Parties deny the allegations contained in Paragraph 38 of the Counterclaim.

### *The Breakdown in the Relationship*

39. The Veroot Parties admit that, on July 31, 2025, Richman informed Andrew Hurst and Joe Hurst that he did not agree with a Veroot employment decision. The Veroot Parties deny the remaining allegations contained in Paragraph 39 of the Counterclaim.

40. The Veroot Parties admit that, on July 31, 2025, Richman expressed that he was going to begin transitioning away from the provision of services to the Veroot Parties and coordinate a professional transition.  The Veroot Parties deny the remaining allegations contained in Paragraph 40 of the Counterclaim.

41. The Veroot Parties deny the allegations contained in Paragraph 41 of the Counterclaim.

42. The Veroot Parties deny the allegations contained in Paragraph 42 of the Counterclaim.

43. The Veroot Parties deny the allegations contained in Paragraph 43 of the Counterclaim.

44. The Veroot Parties admit that Andrew Hurst met with Richman on or about August 8, 2025.  The Veroot Parties deny any remaining allegations contained in Paragraph 44 of the Counterclaim.

45. The Veroot Parties admit that Andrew Hurst proposed engaging K2 Labs. The Veroot Parties deny any remaining allegations in Paragraph 45 of the Counterclaim.

46. The Veroot Parties deny the allegations contained in Paragraph 46 of the Counterclaim.

47. The Veroot Parties admit that Joe Hurst met with Richman over Zoom on or about August 26, 2025. The Veroot Parties deny any remaining allegations contained in Paragraph 47 of the Counterclaim.

48. The Veroot Parties deny the allegations contained in Paragraph 48 of the Counterclaim.

49. The Veroot Parties deny the allegations contained in Paragraph 49 of the Counterclaim.

50. The Veroot Parties admit that Andrew Hurst and Joe Hurst had a call with Richman on December 12, 2025 to discuss transition timing. The Veroot Parties deny any remaining allegations contained in Paragraph 50 of the Counterclaim.

51. The Veroot Parties deny the allegations contained in Paragraph 51 of the Counterclaim.

52.     The Veroot Parties deny the allegations contained in Paragraph 52 of the Counterclaim.

53.     The Veroot Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of the Counterclaim and therefore deny the same.

54.     The Veroot Parties deny the allegations contained in Paragraph 54 of the Counterclaim.

55.     The Veroot Parties deny the allegations contained in Paragraph 55 of the Counterclaim.

56.     The Veroot Parties deny the allegations contained in Paragraph 56 of the Counterclaim.

57.     The Veroot Parties state that the letter attached to the Counterclaim as Exhibit A speaks for itself and deny any characterizations or allegations inconsistent with its express language. The Veroot Parties deny any other allegations contained in Paragraph 57 of the Counterclaim.

58.     The Veroot Parties admit that Andrew Hurst created an AWS IAM user account with global administrator privileges, which did not require the user to enable multi-factor authentication, for Joe Hurst called "user_joe".  The Veroot Parties deny any other allegations contained in Paragraph 58 of the Counterclaim.

59.     The Veroot Parties state that the logs speak for themselves and deny any characterizations or allegations inconsistent with their express language. The Veroot Parties deny any remaining allegations contained in Paragraph 59 of the Counterclaim.

60.     The Veroot Parties deny the allegations contained in Paragraph 60 of the Counterclaim.

61. The Veroot Parties deny the allegations contained in Paragraph 61 of the Counterclaim.

62. The Veroot Parties deny the allegations contained in Paragraph 62 of the Counterclaim.

63. The Veroot Parties admit that they filed this action on January 2, 2026. The Veroot Parties deny any remaining allegations contained in Paragraph 63 of the Counterclaim.

64. The Veroot Parties admit the allegations contained in Paragraph 64 of the Counterclaim.

65. The Veroot Parties deny the allegations contained in Paragraph 65 of the Counterclaim.

66. The Veroot Parties state that the letter attached to the Counterclaim as Exhibit B speaks for itself and deny any characterizations or allegations inconsistent with its express language. The Veroot Parties deny any remaining allegations contained in Paragraph 66 of the Counterclaim.

67. The Veroot Parties admit that Andrew Hurst created a new AWS IAM user account with global administrator privileges in the name of Steve Halvorson. The Veroot Parties lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 67 of the Counterclaim and therefore deny the same.

68. The Veroot Parties deny the allegations contained in Paragraph 68 of the Counterclaim.

69. The Veroot Parties deny the allegations contained in Paragraph 69 of the Counterclaim.

70. The Veroot Parties deny the allegations contained in Paragraph 70 of the Counterclaim.

71. The Veroot Parties state that the January 15, 2026 email speaks for itself and deny any characterizations or allegations inconsistent with its express language. The Veroot Parties deny any remaining allegations contained in Paragraph 71 of the Counterclaim.

72. The Veroot Parties deny the allegations contained in Paragraph 72 of the Counterclaim.

73. The Veroot Parties deny the allegations contained in Paragraph 73 of the Counterclaim.

74. The Veroot Parties deny the allegations contained in Paragraph 74 of the Counterclaim.

## COUNT I – COPYRIGHT INFRINGEMENT

75. The Veroot Parties restate all the foregoing paragraphs as if fully set forth herein.

76. Paragraph 76 of the Counterclaim states a legal conclusion to which no response is required. To the extent a response is required, the Veroot Parties lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 76 of the Counterclaim and therefore deny the same.

77. The Veroot Parties deny the allegations contained in Paragraph 77 of the Counterclaim.

78. Paragraph 78 of the Counterclaim states a legal conclusion to which to which no response is required. Further, the alleged registrations attached to the Counterclaim as Exhibits C, D, and E speaks for themselves and the Veroot Parties deny any characterizations or allegations inconsistent with their express language. To the extent any additional response is required, the

9

Veroot Parties lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 78 of the Counterclaim and therefore deny the same.

79.     The Veroot Parties deny the allegations contained in Paragraph 79 of the Counterclaim.

80.     The Veroot Parties deny the allegations contained in Paragraph 80 of the Counterclaim.

81.     The Veroot Parties deny the allegations contained in Paragraph 81 of the Counterclaim.

82.     The Veroot Parties deny the allegations contained in Paragraph 82 of the Counterclaim.

83.     The Veroot Parties deny the allegations contained in Paragraph 83 of the Counterclaim.

## COUNT II – CIVIL CONSPIRACY

84.     The Veroot Parties restate all the foregoing paragraphs as if fully set forth herein.

85.     The Veroot Parties deny the allegations contained in Paragraph 85 of the Counterclaim.

86.     The Veroot Parties deny the allegations contained in Paragraph 86 of the Counterclaim.

87.     The Veroot Parties deny the allegations contained in Paragraph 87 of the Counterclaim.

88.     The Veroot Parties deny the allegations contained in Paragraph 88 of the Counterclaim.

89.     The Veroot Parties deny the allegations contained in Paragraph 89 of the Counterclaim.

90.     The Veroot Parties deny the allegations contained in Paragraph 90 of the Counterclaim.

### COUNT III – DECLARATORY JUDGMENT

91.     The Veroot Parties restate all the foregoing paragraphs as if fully set forth herein.

92.     The Veroot Parties deny the allegations contained in Paragraph 92 of the Counterclaim.

93.     The Veroot Parties admit that they filed this action. The Veroot Parties deny any remaining allegations in Paragraph 93 of the Counterclaim.

94.     The Veroot Parties admit the allegations contained in Paragraph 94 of the Counterclaim.

95.     The Veroot Parties deny the allegations contained in Paragraph 95 of the Counterclaim.

96.     The Veroot Parties deny that Pagefolio is entitled to any relief prayed for after the WHEREFORE clause in the Counterclaim.

### AFFIRMATIVE AND OTHER DEFENSES

The Veroot Parties hereby set forth the following affirmative and other defenses. The Veroot Parties do not assume the burden of proof or the burden of persuasion with respect to any of these defenses, except as otherwise required by applicable law or rule with respect to the particular defense asserted. All of the following defenses are pleaded in the alternative and none constitutes an admission that the Veroot Parties are in any way liable to Pagefolio, that Pagefolio has been or will be injured or damaged in any way, or that Pagefolio is entitled to any relief

11

whatsoever. Upon completion of discovery, if the facts warrant, the Veroot Parties may withdraw one or more of these defenses:

1.     Pagefolio's claims are barred in whole or in part because the Veroot Parties' conduct is permitted under their express or implied license.

2.     Pagefolio's claims are barred in whole or in part by documentary evidence, including but not limited to, express IP transfer agreements.

3.     Pagefolio's claims are barred in whole or in part by documentary evidence, including but not limited to, licensing materials.

4.     Pagefolio's claims are barred in whole or in part because Pagefolio's copyright registrations are invalid.

5.     Pagefolio's claims are barred in whole or in part because Pagefolio's copyright registrations constitute fraud on the Copyright Office.

6.     Pagefolio's claims are barred in whole or in part because the Veroot Parties own the asserted materials.

7.     Pagefolio's claims for statutory damages and attorneys' fees are barred in whole or in part because Pagefolio failed to timely file its copyright registrations.

8.     Pagefolio's claims are barred in whole or in part by the doctrine of laches.

9.     Pagefolio's claims are barred in whole or in part by the doctrines of waiver, estoppel, or acquiescence.

10.     Pagefolio's claims are barred in whole or in part by the Veroot Parties' innocent conduct and good faith intent.

11.     Pagefolio's claims are barred in whole or in part by the applicable statutes of limitations.

12.     To the extent that Pagefolio created any works of authorship, such works are derivative works of authorship based on the Veroot Parties intellectual property that they solely own.

13.     The Veroot Parties reserve the right to assert all defenses, whether affirmative or otherwise, that may become apparent or available during the course of this litigation, and hereby provide notice of their intent to add and rely upon such other and further defenses in the future.

**WHEREFORE**, the Veroot Parties respectfully request that the Court dismiss Pagefolio's Counterclaim with prejudice, grant judgment against Pagefolio and in favor of the Veroot Parties, and for all other relief that is just and proper.

Respectfully submitted,

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF, LLP**

*/s/ James J. Walsh, Jr.*
James J. Walsh, Jr. (0096660)
Alayna K. Bridgett (0100297)
Jane Wiertel (0106350)
127 Public Square, Suite 4900
Cleveland, OH 44114
Telephone: (216) 363-4500
Facsimile: (216) 363-4588
Email: jwalsh@beneschlaw.com
         abridgett@beneschlaw.com
         jwiertel@beneschlaw.com

*Counsel for Counterclaim Defendants Veroot, LLC and Delivered, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2026, a copy of the foregoing *Veroot, LLC and Delivered Inc.'s Answer and Affirmative Defenses to Pagefolio Inc.'s Counterclaim* was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.  There are no parties requiring service by other means.

Respectfully submitted,

**BENESCH,   FRIEDLANDER,   COPLAN   & ARONOFF, LLP**

*/s/ James J. Walsh, Jr.*

*Counsel for Counterclaim Defendants Veroot, LLC, and Delivered, Inc.*