**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

VEROOT, LLC, *et al.*,                     )      Case No. 1:26-cv-13
                                           )
         Plaintiffs,                       )      Judge J. Philip Calabrese
                                           )
v.                                         )      Magistrate Judge
                                           )      Jonathan D. Greenberg
PAGEFOLIO, INC., *et al.*,                 )
                                           )
         Defendants.                       )
                                           )

**OPINION AND ORDER**

Plaintiffs Veroot, LLC and Delivered, Inc. bring this copyright action against Defendants Timothy Leigh Richman, Veroot's former chief technology officer, and Mr. Richman's company, Pagefolio, Inc. Although the parties assert numerous claims and counterclaims, ranging from spoliation to fraud on the copyright office to fraud and other State-law claims, the core of the dispute—the first count of the amended complaint and the sixth of the amended counterclaims—involves ownership of the various software platforms and underlying intellectual property used in Plaintiffs' businesses. In turn, determining ownership of the intellectual property depends on whether Mr. Richman worked as an employee or independent contractor of Veroot during the relevant times. At the hearing on Plaintiffs' motion for a temporary restraining order, the evidence showed that this question presents a sharply contested question of fact that a jury will ultimately have to decide. At this early stage of the litigation, the record also shows that the ownership issue affects many of

the parties' other claims, counterclaims, and defenses, and will drive resolution of this dispute.

For these reasons, Defendants move under Rule 42 and Rule 57 to bifurcate the case and seek a separate, early trial and expedited pretrial schedule on the copyright ownership claim and counterclaim.  Also, the parties each move for judgment on the pleadings on the remaining claims.  For the following reasons, the Court **DENIES** those motions.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 2, 2026, Plaintiffs commenced this action asking the Court to determine the ownership of certain software platforms and their underlying code, which are held within Amazon Web Services ("AWS") accounts.  (ECF No. 1.)  Less than a month later, Plaintiffs filed a motion for temporary restraining order and motion for preliminary injunction after Defendants revoked Plaintiffs' access to the AWS accounts.  (ECF No. 13.)  Subsequently, Mr. Richman filed a motion to dismiss for lack of personal jurisdiction (ECF No. 17), and Pagefolio asserted counterclaims, including copyright infringement (ECF No. 19).  Among the counterclaims, Pagefolio requested declaratory relief to establish its ownership of the copyright for the software platforms, including all associated source code architecture, and derivative works.  (ECF No. 19.)

### A.    TRO Hearing

On January 30, 2026, the Court held a hearing on Plaintiffs' motion for a temporary restraining order.  (ECF No. 24.)  During the hearing, the parties had the opportunity to call witnesses and conduct direct examination, cross-examination, and

rebuttal for each witness. (*Id.*)  The parties also presented exhibits, which were made part of the record. (*Id.*)  After hearing the evidence, the Court determined that it had personal jurisdiction over Mr. Richman.  (*Id.*)  Then, because there was no dispute over the issue, and with the agreement of counsel, the Court entered an order declaring that Veroot owned the AWS accounts.  (ECF No. 23.)  Having determined ownership of the AWS accounts, the Court found that Plaintiffs' motion for a temporary restraining order was moot.  (ECF No. 24.)

At the conclusion of the hearing, the Court discussed with the parties how the case might best proceed most efficiently, including options such as expediting trial or conducting a summary jury trial as part of alternative dispute resolution.  (ECF No. 32, PageID #678–87  &  #701–04.)  In the Court's view, the threshold question going forward was—and remains—whether Mr. Richman was an employee or independent contractor during the time he performed work on the software platforms. (*Id.*,  PageID #684.)  Because that question presents a dispute of fact, a jury must answer it.  (*Id.*, PageID #679 & #684.)  However, the Court noted that this threshold question could not be separated from other claims and issue for a jury's determination due to the "constitutional difficulty" presented by the Seventh Amendment, which does not allow for multiple juries except in certain, limited circumstances.  (*Id.*, PageID #684–85.)  Therefore, the Court suggested using a summary jury trial as part of alternative dispute resolution to address this threshold question.  (*Id.*, PageID #685–86.)

Plaintiffs agreed that it seemed "like a great idea" and one to which they would be amenable. (*Id.*)  Likewise, Defendants agreed that it seemed like a "creative" idea that would "provide a lot of guidance to the parties" and give clarity on the "critical" question whether Mr. Richman worked as an employee or independent contractor. (*Id.*)  Therefore, the Court set a deadline for the parties to submit a joint status report updating the Court on whether the parties wished to proceed with a summary jury trial.  (*Id.*)

### B.    Post-TRO Hearing

On February 13, 2026, the parties submitted a joint status report regarding the use of a summary jury trial.  (ECF No. 33.)  Defendants indicated a willingness to proceed with a summary jury trial limited to the issue of whether Mr. Richman was an employee or independent contractor.  Plaintiffs did not.  Instead, Plaintiffs indicated that they wanted to conduct full discovery.  Because the parties did not agree, the parties represented that the summary jury trial option was no longer viable.

Then, based on the evidence at the hearing on the motion for a temporary restraining order and early discovery, Plaintiffs filed a first amended complaint. (ECF No. 36.)  In addition to the declaratory judgment claim over the ownership of the intellectual property underlying the software platforms, Plaintiffs added nine additional claims:  copyright invalidity; fraud on the copyright office; fraud by Mr. Richman; intentional spoliation of evidence; damages resulting from a criminal act; breach of fiduciary duty; tortious interference; State and federal trade secret misappropriation; and breach of contract.  (*Id.*, ¶¶ 139–297, PageID #754–78.)

4

In response, Defendants filed a first amended verified counterclaim and third-party complaint. (ECF No. 43.) Defendants' counterclaims and claims against third-party Defendants Andrew Hurst and Joe Hurst include copyright infringement for both derivative works and unauthorized use and distribution, federal misappropriation of trade secrets, violation of the Digital Millennium Copyright Act, civil conspiracy, declaratory judgment that Pagefolio owns the intellectual property at issue, and payment for outstanding invoices. (*Id.*, ¶¶ 115–86, PageID #972–82.)

On February 24, 2026, the Court held a status conference. (ECF No. 39.) At the conference, the Court discussed with the parties the status of the case and how it should proceed going forward. In doing so, the Court inquired about further amendments to the complaint, amendments to the counterclaims, and whether the parties anticipated filing any other motions. Based on the discussion with counsel, the Court set a case schedule, including deadlines for amendments to the pleadings and counterclaims, motions directed at the pleadings, and a Rule 57 motion. (*Id.*, PageID #899.)

### C.    Motion to Bifurcate

On March 18, 2026, Defendants moved to bifurcate and to order a separate, early trial and expedited pretrial schedule on the competing declaratory judgment claims over the ownership of the intellectual property underlying the software platforms at issue—Count I of Plaintiffs' first amended complaint and Count VI of Defendants' first amended verified counterclaim and third-party complaint. (ECF No. 48.) Defendants assert that the other claims "mostly rise and fall on the answer to the ownership question raised by the parties' respective declaratory judgment

5

claims." (*Id.*, PageID #1085.)  In other words, Defendants argue that bifurcation of the declaratory judgment claims is appropriate to streamline the case once the question of ownership of the intellectual property at issue is answered.

On the other hand, Plaintiffs contend that bifurcation is not appropriate. (ECF No. 55.)  They argue that this case is no longer simply about the ownership of intellectual property; instead, it is "much broader and more complicated." (*Id.*, PageID #1244.)  Specifically, Plaintiffs argue that resolution of who owns the intellectual property will not resolve the other claims or counterclaims in the case and, therefore, will not terminate or significantly narrow the issues. (*Id.*, PageID #1246.)  In Plaintiffs' view, Defendants ignore that the ownership question is "fact-intensive" and will require "significant jury deliberation." (*Id.*, PageID #1246.)

### D.    Motions for Judgment on the Pleadings

Defendants seek partial judgment on the pleadings on eight of Plaintiff's ten claims:  copyright invalidity (Count II); fraud on the copyright office (Count III); fraud by Mr. Richman (Count IV); intentional spoliation of evidence (Count V); breach of fiduciary duty (Count VII); tortious interference (Count VIII); federal trade secret misappropriation (Count IX); and State trade secret misappropriation (Count X). (ECF No. 44.)  Third-party Defendants Andrew Hurst and Joe Hurst also move for judgment on the pleadings and dismissal of all claims against them, including copyright infringement (Counts I and II), misappropriation of trade secrets under the Defend Trade Secrets Act (Count III), violations of the Digital Millennium Copyright Act (Count IV), and civil conspiracy (Count V).  (ECF No. 54.)

6

## ANALYSIS

"The only difference between Rule 12(c) and Rule 12(b)(6)" is timing. *Hunter v. Ohio Veterans Home*, 272 F. Supp. 2d 692, 694 (N.D. Ohio 2003). Rule 12(c) provides that, once "the pleadings are closed" a party may "move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings . . . generally follows the same rules as a motion to dismiss the complaint under Rule 12(b)(6)." *Bates v. Green Farms Condo. Assoc.*, 958 F.3d 470, 480 (6th Cir. 2020) (citing *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014)); *see also Holland v. FCA US LLC*, 656 F. App'x 232, 236 (6th Cir. 2016). On a motion under Rule 12(c), courts "must follow the Supreme Court's changes to the pleading standards in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)." *Bates*, 958 F.3d at 480 (citing *Engler v. Arnold*, 862 F.3d 571, 575 (6th Cir. 2017)). "In other words, judgment on the pleadings is appropriate where, construing the material allegations of the pleadings and all reasonable inferences in the light most favorable to the non-moving party, the Court concludes that the moving party is entitled to judgment as a matter of law." *Anders v. Cuevas*, 984 F.3d 1166, 1174 (6th Cir. 2021). In construing the pleadings, the Court accepts the factual allegations of the non-movant as true, but not unwarranted inferences or legal conclusions. *Holland*, 656 F. App'x at 236–37 (citing *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)).

While "the court's decision rests primarily upon the allegations of the complaint[,]" "exhibits attached to the complaint may also be taken into account."

*JTO, Inc. v. Travelers Indem. Co. of Am.*, 242 F. Supp. 3d 599, 602 (N.D. Ohio 2017) (citation modified).  Only "well-pleaded factual allegations" that "plausibly give rise to an entitlement of relief" and "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" will survive.  *Bates*, 958 F.3d at 480 (quotation and citation omitted).  Conversely, "[m]ere labels and conclusions are not enough[.]"  *Engler*, 862 F.3d at 575.  Nor are facts that are "merely consistent with" liability.  *Bates*, 958 F.3d at 480 (quotation omitted).

## I.  Motion to Bifurcate

The motion to bifurcate requires the Court to determine whether the declaratory judgment claims should be bifurcated from the others for trial.  Rule 57 authorizes a court to "order a speedy hearing of a declaratory-judgment action."  Rule 42(b) provides that, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.  When ordering a separate trial, the court must preserve any federal right to a jury trial."  Fed. R. Civ. P. 42(b).

Rule 42(b) "is sweeping in its terms and allows the district court, in its discretion, to grant a separate trial of any kind of issue in any kind of case."  9A Charles Allan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2389 (3d. April 2026).  "As the Sixth Circuit has stated, 'the principal purpose of Rule 42(b) is to enable the trial judge to dispose of a case in a way that both advances judicial efficiency and is fair to the parties.'"  *Chemical Solvents, Inc. v. Greenwich Ins. Co.*, No. 1:19-cv-525, 2019 WL 9958913, at *2 (N.D. Ohio Dec. 6, 2019) (cleaned up) (quoting *In re Bendectin Litig.*, 857 F.2d 290, 307 (6th Cir. 1998)).  This determination

8

requires the Court to consider "(1) the convenience to the parties and court, (2) the potential prejudice to the parties, and (3) judicial economy." *Id.* (citing *In re Bendectin*, 857 F.2d at 307). The district court's analysis of whether trial should be bifurcated requires a "case-by-case approach" considering "the facts of each individual case." *Id.* (citation omitted). And it is the moving party's burden to demonstrate a Ccourt should bifurcate the case. *Id.* (citations omitted).

Defendants move under Rule 42(b) and Rule 57 to bifurcate this case and to order a separate, speedy trial and expedited pretrial schedule on the parties' competing declaratory judgment claims over the ownership of the intellectual property at issue. (ECF No. 48.) In doing so, Defendants contend that answering the intellectual property ownership question will streamline the case. (*Id.*, PageID #1092–98.)

Plaintiffs disagree. They contend that, in light of factual discoveries following the TRO hearing, this case is no longer simply about the ownership of the intellectual property at issue. (ECF No. 55.) Additionally, Plaintiffs argue that bifurcation would impede judicial economy by compelling multiple presentations of the same facts, witnesses, and evidence for an outcome that will not resolve or narrow the claims. (*Id.*, PageID #1246.)

### I.A. The Seventh Amendment Right to a Jury Trial

In considering whether to bifurcate, courts need to avoid running afoul of the Seventh Amendment's guarantee of the right to a trial by jury, as Rule 42(b) notes. *See* Fed. R. Civ. P. 42(b) (requiring courts to "preserv[e] inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a

statute of the United States"). A district court cannot deny a litigant a trial by jury on questions of law "by characterizing those issues as merely 'incidental to,' or insignificant in comparison to, equitable issues," including by asserting a claim for declaratory relief. *Golden v. Kelsey-Hayes Co. (In re Golden)*, 73 F.3d 648, 660 (6th Cir. 1996) (citing *Curtis v. Loether*, 415 U.S. 189, 196 n.11 (1974); *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 473 (1962)). That is, a party may not deprive another of its right to a jury trial simply by seeking a declaratory judgment. *Id.* at 662 (citing *Beacon Theaters v. Westover*, 359 U.S. 500, 504 (1959)); *see also Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*, 571 U.S. 191, 192 (2014) (noting that the Declaratory Judgment Act is "only procedural, leaving substantive rights unchanged").

Where legal claims or issues requiring a jury's resolution are separated for trial from equitable claims, the legal claims must be tried *before* the equitable claims so as not to infringe the right to jury trial. *See Shum v. Intel Corp.*, 499 F.3d 1272, 1276 (Fed. Cir. 2007) (holding that a bench trial on patent inventorship issue before a jury trial on a bifurcated State-law claim violated the right to trial by jury because of the common factual issues that were inextricably intertwined). Therefore, an important principle limits separate trials in the same case: the issue to be tried must be "so distinct and separable from the other that a trial of it alone may be had without injustice." *Gasoline Prod. Co. v. Camplin Refining Co.*, 283 U.S. 494, 500 (1931). In other words, the court cannot order a separate trial of a particular issue where that issue is so interrelated with the others that it could not be independently submitted to another jury without resulting in confusion and uncertainty that would amount to

10

the denial of a fair trial.  *See* Wright & Miller, 9A *Federal Practice and Procedure* § 2391.

In copyright cases, the Seventh Amendment provides "a right to a jury trial on all issues pertinent to an award of statutory damages under § 504(c) of the Copyright Act, including the amount itself." *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 355 (1998).  Still, courts can and do bifurcate issues of validity, title, infringement, and damages.  *Swofford v. B & W, Inc.*, 336 F.2d 406, 415 (5th Cir. 1964); *see also Balsley v. LFP, Inc.*, 1:08-cv-491, 2010 WL 11561874, *1, (S.D. Ohio Feb. 23, 2010) (collecting cases where courts bifurcated liability and damages issues in copyright cases).

### I.B.    Employee Versus Independent Contractor

Under the Copyright Act, copyright ownership "vests initially in the author or authors of the work." 17 U.S.C. § 201(a).  "As a general rule, the author is the party who actually creates the work, that is, the person who translates an idea into a fixed, tangible expression entitled to copyright protection." *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 737 (citing 17 U.S.C. § 102).  However, the Act includes an exception for works made for hire.  17 U.S.C § 201.  Where a work is made for hire, "the employer or other person for whom the work is made is considered the author and owns the copyright, unless there is a written agreement to the contrary." *Id.*  A work is considered "for hire" under two circumstances:  the work is (1) prepared by an employee within the scope of employment; or (2) "specially ordered or commissioned" for specific enumerated uses and there is a written agreement

11

confirming the work was made for hire.  17 U.S.C. § 101.  In this case, the parties contest the first of these circumstances.

To determine whether a work is a "work made for hire" under the Copyright Act, a court "first should ascertain, using principles of general common law agency, whether the work was prepared by an employee or an independent contractor." *Reid*, 490 U.S. at 752.  Under the general law of agency, courts are to consider a nonexclusive list of thirteen factors to aid in determining an individual's status as an "employee":

(1)    The hiring party's right to control the manner and means by which the product is accomplished;

(2)    the skill required;

(3)    the source of the instrumentalities and tools;

(4)    the location of the work;

(5)    the duration of the relationship between the parties;

(6)    whether the hiring party has the right to assign additional projects to the hired party;

(7)    the extent of the hired party's discretion over when and how long to work;

(8)    the method of payment;

(9)    the hired party's role in hiring and paying assistants;

(10)    whether the work is part of the regular business of the hiring party;

(11)    whether the hiring party is in business;

(12)    the provision of employee benefits; and

(13)    the tax treatment of the hired party.

*Hi-Tech Video Prods., Inc. v. Capital Cities/ABC, Inc.*, 58 F.3d. 1093, 1096 (6th Cir. 1995) (citing *Reid*, 490 U.S. at 751–52).  However, no single factor is dispositive, and not all factors are equally important or relevant in every case.  *Id.* at 1096–97 (citations omitted).  In other words, the relevant factors vary case-by-case and should be "weighed according to their significance" in the case being considered.  *Id.* (citing *Aymes v. Bonelli*, 980 F.2d 857, 861 (2d Cir. 1992).  Such determinations are the exclusive province of the jury.

*     *     *

Based on the Seventh Amendment right to a jury trial in copyright cases and the admonition in Rule 42 to preserve the right to a jury trial inviolate, the Court fails to see how it can order bifurcation in this case.  As the parties acknowledge, most of the claims in this case are interrelated and will involve many of the same facts and evidence.  (ECF No. 55, PageID #1252; ECF No. 56, PageID #1361).  Indeed, the threshold question of whether Mr. Richman was an employee or independent contractor will turn on how a jury evaluates the *Reid* factors and which of them it sees as more or less significant.  Further, those determinations by the jury will likely carry over to other questions of fact relating to the parties' other claims, counterclaims, and defenses.

For example, the jury's evaluation of the threshold question might well determine how it sees Plaintiffs' claim for spoliation.  If a jury finds that Mr. Richman was an employee, then it could find that the alleged deletion of the base code (if proved) constitutes spoliation.  Alternatively, if a jury finds that Mr. Richman was an independent contractor, then the alleged deletion might fall within his ownership

13

rights. Either way, the jury's deliberations and findings to determine Mr. Richman's employment status will likely affect how a jury sees the other claims. Additionally, a second jury would likely have to hear much of the same evidence presented to a jury only considering the intellectual property ownership question, and the second jury might weigh those same facts differently, potentially leading to different analysis on their merits. Therefore, the issues are not "so distinct and separable" that they can be bifurcated and presented to separate juries. *Gasoline Prods.*, 283 U.S. at 500. Accordingly, the Court declines to bifurcate the claims in this matter.

## II. Motions for Judgment on the Pleadings

Because the claims and counterclaims in this case are significantly interrelated and bound up with the disputed question of who owns the intellectual property at issue, answering that question will bear on most, if not all, of the remaining claims. Therefore, it is premature to grant any motion for judgment on the pleadings.

For example, Defendant brings three counterclaims asserting copyright claims, including two claims of copyright infringement. A prerequisite for a copyright infringement claim is ownership of a valid copyright. *See Enchant Christmas Light Maz & Market Ltd. v. Glowco, LLC*, 958 F.3d 532, 536 (6th Cir. 2020) (explaining that one element to establish copyright infringement is ownership of a valid copyright). Therefore, determining ownership of the intellectual property will help determine whether these claims stay in the case. Likewise, most of Plaintiffs' causes of action, including the claims challenging Defendants' copyrights and spoliation, depend on Plaintiffs' ownership of the intellectual property at issue.

14

Further, the counterclaims against Joe and Andrew Hurst also depend on who owns the intellectual property. Defendants' counterclaims against the Hursts include, among other things, copyright infringement, misappropriation of trade secrets, and violation of the Copyright Act. Therefore, as with many of the other claims, if a jury finds that Plaintiffs own the intellectual property, then these claims will not be actionable. However, if a jury finds that Mr. Richman owns, in whole or in part, the intellectual property, then there may be claims against the Hursts based on their actions surrounding the use of the software code. Either way, dismissing the counterclaims at this stage is premature because they depend on the factual disputes regarding copyright ownership that a jury must resolve.

Accordingly, the Court **DENIES** the parties' motions for judgment on the pleadings.

**CONCLUSION**

For the foregoing reasons, the Court **DENIES** Defendants' motion to bifurcate (ECF No. 48) and the parties' motions for judgment on the pleadings (ECF No. 42; ECF No. 44; ECF No. 54). Finally, the Court **DENIES** Plaintiffs' motion to for leave to file a surreply (ECF No. 60). The Court received enough briefing from the parties, who had ample opportunity to develop all the arguments they wished without the need for a surreply.

**SO ORDERED.**

15

Dated:  May 26, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio